**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4572

DWAYNE FANTROY, a/k/a Dwayne
Fontroy,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-97-249-S)

Submitted: May 28, 1999

Decided: June 24, 1999

Before MURNAGHAN, WILKINS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thanos Kanellakos, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Kathleen O. Gavin, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dwayne Fantroy appeals from his conviction by jury of five counts of bank fraud, 18 U.S.C. § 1344 (1994), claiming that the evidence was insufficient to support the verdicts. A defendant challenging the sufficiency of the evidence to support a conviction bears "a heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). To sustain Fantroy's convictions, this court must find that the evidence, when viewed in a light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). The reviewing court considers circumstantial as well as direct evidence and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996). To sustain a conviction for bank fraud under 18 U.S.C. § 1344, the government must show beyond a reasonable doubt that the defendant: (1) engaged in a scheme or artifice to defraud, or made false statements or misrepresentations to obtain money from (2) a financial institution, and (3) did so knowingly. See United States v. Brandon, 17 F.3d 409, 424 (1st Cir. 1994).

Two witnesses testified that they were paid by Fantroy to present counterfeit checks at various banks in Maryland between December 1994 and January 1995. In addition, Fantroy's fingerprints were identified on six of the recovered fake checks. We find this evidence sufficient to support the jury's verdicts. Accordingly, we affirm Fantroy's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

2